# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SCOTT<br><br>　　vs.　　　　　　　　　　　Plaintiff,<br><br>THE VESSEL ORION<br><br>　　　　　　　　　　　　Defendant. | CASE NO. 08cv1016 JM(BLM)<br><br>ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; DENYING MOTION FOR APPOINTMENT OF COUNSEL |

On or about June 6, 2008 Plaintiff commenced this in rem action alleging that the vessel Orion failed to compensate him for services rendered. Plaintiff also moves for leave of court to proceed in forma pauperis and for appointment of counsel.

**The Motion to Proceed In Forma Pauperis**

Plaintiff declares that he is not currently employed, has no significant assets, and receives monthly disability payments. Accordingly, Plaintiff is an individual entitled to prosecute this action without the prepayment of fees. See 28 U.S.C. §1915.

**The Motion for Appointment of Counsel**

Plaintiff requests the appointment of counsel to assist him in prosecuting this civil action. The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. Lassiter v. Dept. of Social Services, 452 U.S. 18, 25 (1981). Under 28 U.S.C. § 1915(e)(1), however, district courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the

1  'likelihood of success on the merits and the ability of the plaintiff to articulate [her] claims pro se in
2  light of the complexity of the legal issues involved.'  Neither of these issues is dispositive and both
3  must be viewed together before reaching a decision.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d
4  1328, 1331 (9th Cir. 1986)).

5       Here, it appears that plaintiff has a sufficient grasp of his case, the legal issues involved, and
6  is able to adequately articulate the basis of his complaint.  Under these circumstances, the Court denies
7  plaintiff's request for appointment of counsel because it is not warranted by the interests of justice.
8  LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987).

9       **IT IS SO ORDERED.**

10  DATED: June 19, 2008

11                                                  Hon. Jeffrey T. Miller
12                                                  United States District Judge

cc:        All parties

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28